IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Myron Anthony Williams, | ) | |
| | ) | C/A No. 2:11-0379-MBS |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Warden, Broad River Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Myron Anthony Williams is an inmate in custody of the South Carolina Department of Corrections. He currently is housed at Broad River Road Correctional Institution in Columbia, South Carolina. Petitioner, proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling.

This matter is before the court on motion for summary judgment filed by Respondent on July 19, 2011. On July 20, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences of failing to respond adequately. Petitioner filed a response in opposition to Respondent's motion on August 25, 2011. On September 16, 2011, the Magistrate Judge filed a Report and Recommendation in which she determined that (1) Petitioner's claim that the trial court should have declared a mistrial on the basis of prosecutorial misconduct is procedurally defaulted; (2) Petitioner did not receive ineffective assistance of counsel; and (3) Petitioner's claim that an exhibit was improperly admitted

at trial is not cognizable in a federal habeas action.  Accordingly, the Magistrate Judge recommended that Respondent's motion for summary judgment be granted and the § 2254 petition dismissed, with prejudice.  Petitioner filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court.  Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record.  The court adopts the Report and Recommendation and incorporates it herein by reference.  Respondent's motion for summary judgment (ECF No. 22) is **granted**.  Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed, with prejudice.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001).  The court concludes that Petitioner has not made the requisite showing.

Accordingly, the court **denies** a certificate of appealability.

       **IT IS SO ORDERED**.


                             /s/ Margaret B. Seymour
                             United States District Judge

Columbia, South Carolina

October 17, 2011.


**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**